22282

James M. COX, D/B/A Cox House Moving Co., Appellant, v. The SOUTH CAROLINA TAX COMMISSION, Respondent.

(329 S. E. (2d) 739)

Supreme Court

G. *Ray Harris*, Spartanburg, and *Paul L. Blackwell*, Greenville, *for appellant.*

*T. Travis Medlock, Atty. Gen., Joe L. Allen, Jr., Deputy Atty. Gen., Ronald W. Urban, Asst. Atty. Gen.,* Columbia, *for respondent.*

Heard March 11, 1985.

Decided April 9, 1985.

NESS, Justice:

Appellant Cox, a professional house mover, seeks to recover sales tax paid under protest to respondent S. C. Tax Commission. The circuit court ruled the Tax Commission's levy was proper. We reverse.

Respondent determined four of appellant's transactions in 1979 were subject to sales tax. Three transactions involved appellant's buying an old house, restoring it to a livable condition, and moving it to a lot owned by a customer. The price charged the customer covered the cost of the house, as well as the restoration and moving expenses. The Tax Commission levied sales tax on the entire amount paid by the customer.

The fourth transaction involved appellant's buying an old house, moving it to his own lot, making the necessary repairs, then selling the house and lot to a customer. Respondent ruled appellant owed sales tax only on the purchase price he originally paid for the house.

Appellant concedes the sale of each of the four deteriorated houses was a retail sale under § 12-35-110, but he alleges any sales tax due should have been collected at the retail level from the original owner of each house, rather than on the price paid him by his customer. We agree.

Section 12-35-110 defines the sale of building material to contractors or builders for resale or use in the form of real estate as retail sales. Section 12-35-510 places the duty to

collect and pay sales tax on the retail seller, in this case the original owner of the house, not on appellant who is the buyer.

We hold since no sales tax was collected at the retail level, it is forever lost and was erroneously levied against appellant.

We further hold at no point during the purchase, repair, and moving of these four houses was appellant liable for retail sales tax.

Appellant paid sales tax on the building materials he purchased to restore the houses as required under § 12-35-110. The labor used to restore the houses was a service not subject to sales tax. The sale of transporting the houses is an exempt sale under § 12-35-550(12).

Appellant shall be refunded the entire amount of sale tax improperly levied.

Reversed.

LITTLEJOHN, C. J., and HARWELL and CHANDLER, JJ., concur.

GREGORY, J., concurring in result.